**In re: Donald J. BONNER Debtor**

Donald J. Bonner, Appellant,

v.

United States of America, Department of the Treasury, Internal Revenue Service Appellee.

No. 00–15041.
BAP No. NC–99–01220–PRyR.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2001 [1].

Decided June 19, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, LAY [2], THOMPSON, Circuit Judges.

### MEMORANDUM *

Debtor Donald J. Bonner appeals from a decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's determination that under 11 U.S.C. § 523(a)(1)(C), his tax liability was not discharged in his Chapter 7 bankruptcy, because he made a fraudulent return with respect to the tax and willfully attempted to evade or defeat the tax. We affirm.

■ Bonner argues that the IRS failed to sustain its burden of proving fraudulent intent. Fraudulent intent may be inferred from circumstantial evidence, or "badges of fraud." Bradford v. Comm'r 796 F.2d 303, 307 (9th Cir.1986). These badges of fraud include: (1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; and (6) failure to cooperate with tax authorities. *Id.* The record is sufficient to find at least two badges of fraud. First, Bonner does not dispute that he understated his income. Second, he failed to provide the IRS with complete records to support his tax computation, evidencing either failure to maintain adequate records or failure to cooperate with the IRS.

■ Bonner contends that failure to maintain proper business records is a badge of fraud only if the taxpayer deals in cash. This is incorrect. We have held that the failure to maintain business records is a badge of fraud even where transactions do not involve cash. *See, e.g., Alexander Shokai, Inc. v. Comm'r,* 34 F.3d 1480, 1487 (9th Cir.1994) (commission payments were deposited directly into taxpayer's foreign account and transferred to the U.S. by cashier's checks); *Factor v. Comm'r,* 281 F.2d 100, 129 (9th Cir.1960) (failure to keep records of stock trading activities was evidence of fraud, even where taxpayer maintained records of cash transactions).

There is additional circumstantial evidence of fraud. Bonner substantially understated income in three tax years, *see Laurins v.. Comm'r,* 889 F.2d 910, 913 (9th Cir.1989), and Bonner defrauded at least one party other than the IRS by fraudulently continuing to collect disability benefits from an insurer after he resumed working.

■ Bonner testified that his psychiatric condition led him to set up fictitious companies. However, he provided no credible evidence to explain how his psychiatric condition caused him to understate his income on tax returns.

■ Bonner also challenges the use of his plea of nolo contendere to a grand theft charge as evidence of his guilt on that charge. Neither the bankruptcy court nor the BAP referred to the plea itself, but to

---

**2.** Honorable Donald Lay, Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

the conviction. In addition, as the BAP observed, there was ample evidence that Bonner made a fraudulent return apart from either the plea or the conviction.

Bonner argues that the bankruptcy court made insufficient findings and seeks remand for more detailed findings. The record is sufficiently clear for us to affirm without the need for additional findings.

Because we hold that Bonner made a fraudulent tax return with respect to the tax giving rise to his debt, we do not reach the bankruptcy court's alternative holding that he willfully attempted to evade or defeat the tax.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.